# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JULIUS ABELLA,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **v.** | § | **No. 1:25-CV-01779-ADA-SH** |
| | § | |
| | § | |
| **LUMENOTE LTD. and JENNY** | § | |
| **LEE also known as Shu Ting Li,** | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

Now before the Court are Plaintiff's Motion for Temporary Restraining Order, filed November 6, 2025 (Dkt. 4), and Emergency Motion for Protective Order and Sanctions, filed November 9, 2025 (Dkt. 7).[1]

Plaintiff Julius Abella, an Austin, Texas resident proceeding *pro se* and *in forma pauperis*, asserts claims against Defendants Lumenote Ltd. and Jenny Lee for securities fraud under 15 U.S.C. § 78j(b), violations of the Texas Securities Act, and fraud and breach of contract under Texas common law. Dkt. 1 at 2. Abella alleges that after Lee contacted him via Signal representing that Lumenote would generate a 13% profit per transaction, he transferred $975,000 in U.S. dollars and cryptocurrency to Lumenote in a series of transactions between August and November 2025. *Id.* ¶¶ 8-10. Abella alleges that he requested withdrawals but none of his assets have been returned, and that "Defendants never registered their investment offering with the SEC." *Id.* ¶¶ 11-13.

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

1

The Clerk of Court issued summonses to Defendants on December 8, 2025, but service has not been returned. Dkt. 12.[2]

### I.    Motion for TRO

Abella asks the Court to issue a temporary restraining order ("TRO")

- "freezing all assets traceable to Plaintiff's deposits," Dkt. 1 at 2, and
- "enjoining Defendants from transferring, concealing, or dissipating any assets traceable to Plaintiff's deposits" and ordering them to preserve records related to his account and provide wallet addresses and exchange accountings holding his assets, Dkt. 4 at 1-2.

"A temporary restraining order is an 'extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Sw. Airlines Co. v. City of San Antonio*, 752 F. Supp. 3d 635, 642-43 (W.D. Tex. 2024) (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)). Under Rule 65(b)(1), the Court may issue a TRO without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Court finds that Abella does not satisfy Rule 65(b)(1)(A) because he seeks monetary relief. "In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *SO Apartments, L.L.C. v. City of San Antonio, Texas*, 109 F.4th 343, 353 (5th Cir. 2024) (holding that plaintiffs did not show irreparable harm for preliminary injunction when monetary damages were available) (citation omitted); *see also Sw. Airlines*, 752 F. Supp. 3d at 647 n.11 (denying TRO and stating that monetary relief is "not a proper basis for irreparable harm").

---

[2] Abella alleges that Lumenote has an address in Boulder, Colorado, while Lee resides in San Francisco, California. Dkts. 1 at 1, 1-3, 12.

2

## II.    Motion for Protective Order

In his motion for protective order, Abella alleges that after he filed his complaint, Lee sent him an "unsolicited" text message stating: "What do you mean? It hasn't been resolved yet? If you get into trouble later, don't blame me for not warning you! It might even affect your daughter's job!" Dkt. 7-1. Abella construes this message as a threat and improper *ex parte* contact. He seeks a protective order prohibiting Lee from contacting him, his family, employer, or associates. Dkt. 7 at 2. He also asks the Court to order Lee to show cause why she should not be held in civil contempt, refer her message to the United States Attorney's Office for criminal investigation, and sanction her.

Although unclear from the single page of evidence Abella submitted, it appears that Lee was responding to Abella's own late-night messages demanding his money back. Dkt. 7-1. The Court does not construe her message as a threat. Moreover, Abella's demand that "[a]ll communications between parties must occur through counsel or court filings once litigation commences" is impossible because he is proceeding *pro se*; nor has counsel appeared for Defendants. Dkt. 7 at 1. The Court finds his motion frivolous.

## III.    Order and Recommendation

For these reasons, this Magistrate Judge **ORDERS** that Plaintiff's Emergency Motion for Protective Order and Sanctions (Dkt. 7) is **DENIED** and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Temporary Restraining Order (Dkt. 4).

## IV.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S.*

*Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 16, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE